IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE WELCH,

       Plaintiff,                                     13cv1058
                                                   **ELECTRONICALLY FILED**

              v.

BANK OF AMERICA,

       Defendant.

## **MEMORANDUM OPINION ON MOTION TO DISMISS (DOC. NO. 14)**

**I.    Factual and Procedural Background**

On July 22, 2013, *Pro Se* Plaintiff filed the following Complaint against Bank of America ("BANA")[1], alleging "predatory lending," "conspiracy," "fraud," and "harassment," relating to the increase of $81.00 per month in his monthly escrow, as follows (including any misspellings, extra spacing, and typos):

> In June of 2012, I purchased Insurance with USAA. Bank of America (B of A) had informed me of an increase in my monthly payments.
> Bank of America stated rationale was, the amount of the monthly payments had increased because the escrow needed had increased (?), And thus, B of A was seeking an Eighty One Dollar monthly increase or as B of A stated $975.00 per annum.
> Next, I began receiving a series of "helpful" directions and threats from B of A. All of these being aimed at costing Plaintiff; and all of which were camouflage (and poorly) for monthly payment increases.
> Actually, this scheme to defraud the Plaintiff, started in 20110 (April) when B of A directed Plaintiff to send payments to Wilmington, Delaware.

---

[1] Co-defendant Green Tree Servicing LLC was dismissed from the case by not being named in the Amended Complaint. See doc. no. 12, filed 11/5/13. The Court, however, has construed the allegations Plaintiff has made against Green Tree Servicing LLC in his Original Complaint, out of an abundance of caution. And, because both BANA and Green Tree Servicing have filed the pending Motion to Dismiss, the Court will address the allegations as to each individually and jointly, because the Court is unable to ascertain whether Plaintiff sought to dismiss Defendant Green Tree Servicing LLC from this action (see doc. no. 13).

The Plaintiff did not recognize this at the time.  B of A next complained that the Plaintiff was one month, behind.  Then two months, behind.  I called B of A in Simi Valley, California.  After some discussion and time; the Supervisor, came back on the line and reported, that Delaware Office had placed the payments in a--:Money Market Account" (?) or what ever!  She explained, the account was up to date, and that b of A owed Plaintiff, sixty-four Dollars ($64.00) and what did I want to do with this amount?  Plaintiff's response was to place that owed to me in the same account.

      Plaintiff would now pay all escrow, directly.  Plaintiff called B of A Office to ascertain what company held the escrow.  The B of A people stated that they did not know.  However, Plaintiff did find the escrow people by going through some old records.  Calling the escrow company Plaintiff was informed that B of A owed the escrow company $25.75 from last year and $106.25 for this year.  Plaintiff paid it all last month and borough and known School Taxes  .

      The payment of all escrow was the decision of the Plaintiff.  With this method what and the amount will be.  " a known amount and when it is due.

      The mortgage-holder (B of A) planned to increase the monthly payments by some 11 or more %.  B of A was summon to a hearing in Magistterial Court (28th March 2013) and failed to appear.  Plaintiff appealed to Allegheny County Court (Court of Record) County Court was to have B of A and Plaintiff explain the rational of their positions (before four selected lawyers.  B of A, again was a no show.  Thus, Plaintiff is making appeal to the Federal Court Systems.

      These circumstances and actions with lack of responsibility are the hallmark of B of A nation-wide fraud and predatorial racketeering.

      Plaintiff was called by Green Tree (a serving?) Company; located in Rapid City, South Dakota.  This company was demanding that I make payment to them or B of A.  I patiently tried to explain to the person on the telephone that B of A was already in the Commonwealth Court System.  Since, I was getting nothing over the person on the telephone.  I demanded to speak with the employer.

      To him, I explained that 1. I had never heard of this company.  2. I did not have contract with them.  3. I did not owe them money. .  4. B of A was already in the Commonwealth Judicial System.

      Plaintiff also extended an opportunity for Green Tree to become involved in this suite against B of A by another telephone call or letter to Plaintiff.  This was fair warning.

> Plaintiff is thus initiating suite again Bank of America and Green Tree (serving) for the following illegal actions.
>
> | Bank of America | Green Tree (servicing |
> |---|---|
> | 1. Predatory lending | 1. Aider and Abettor |
> | 2. Conspiracy | 2. Conspiracy |
> | 3. Fraud | 3. Attempted Fraud |
> | 4. Harassment | 4. Harassment |
>
> Plaintiff is seeking punitive and restitutional damages in the amount of Seventy Five Thousands of Dollars, for these former and on-going illegal acts.

Doc. no. 1.

Thereafter, on August 16, 2013, Defendants filed a Motion to Dismiss for Failure to State a Claim and, in the alternative, Motion for Definite Statement. Doc. no. 3.

United States Magistrate Maureen J. Kelly scheduled a Status Conference for September 3, 2013, by Text Order of August 20, 2013. Since Plaintiff failed to appear, Magistrate Judge Kelly entered the following Minute Entry:

> Minute Entry for Status Conference held before Magistrate Judge Maureen P. Kelly on 9/3/2013.(Court Reporter: audio recorded). OUTCOME: Upon review of the Complaint and the Motion to Dismiss, or in the alternative, Motion for a More Definite Statement, the Court scheduled a status conference and ordered Plaintiff and defense counsel to attend in person. At the date and time scheduled, Plaintiff failed to appear. The Court was not contacted by Plaintiff. A separate scheduling order will issue as well as a rule to show cause order relative to the failure of Plaintiff to appear. Defense counsel advised the Court that Plaintiff obtained a judgment against Bank of America at the district justice level in state court that may bar the claim at issue. Defense counsel was referred to Plaintiff's phone number on the docket and instructed to contact him directly. Another status conference will be scheduled. Plaintiff and defense counsel to attend in person. (dgg) Copy of this Hearing Memo mailed to Plaintiff at address of record on 9/4/2013. (Entered: 09/04/2013)

Doc. no. 6.

Magistrate Judge Kelly also entered the following two Orders on September 4, 2013, after Plaintiff failed to appear at the September 3, 2013 Status Conference:

> ORDER TO SHOW CAUSE issued on Plaintiff, George E. Welch, returnable 9/25/2013, to show cause why this action should not be dismissed for failure to appear for the status conference that was scheduled for Tuesday, 9/3/2013 at 2:00 p.m. as directed in Order of Court dated 8/20/2013. Signed by Magistrate Judge Maureen P. Kelly on 9/4/2013. Copy of this Order mailed to Plaintiff at address of record on 9/4/2013. (dgg) (Main Document 7 replaced on 9/6/2013) (dgg, ) (Entered: 09/04/2013)
>
> ORDER granting 3 Motion for More Definite Statement. Plaintiff is directed to file an Amended Complaint by 10/4/2013 setting out the specific facts that support each claim against each defendant. Signed by Magistrate Judge Maureen P. Kelly on 9/3/2013. Copy of this order mailed to Plaintiff at address of record on 9/4/2013. (dgg) (Entered: 09/04/2013)

Doc. nos. 7 and 8.

Since Magistrate Judge Kelly ordered the filing of an Amended Complaint by October 4, 2013, she mooted the pending Motion to Dismiss (doc. no. 3) and scheduled another Status Conference for October 9, 2013. See Text Order of September 4, 2013.

After the October 9, 2013 Status Conference, Magistrate Judge Kelly entered the following Minute Entry:

> Minute Entry for Status Conference held before Magistrate Judge Maureen P. Kelly on 10/9/2013. Stenographer: audio recorded (second portion of conference). OUTCOME: The Court conducted an initial status conference. Reviewed procedural history of case as well as Mr. Welch's claims and defendants' defenses. <u>Mr. Welch explained that the gist of his claim relates to the increasing of his escrow amount by $81/month by Defendant Bank of America. Parties addressed judgment obtained at state court Magisterial District Judge on 3/28/2013</u>. The Court raised the possibility of constructive resolution of this matter. Plaintiff to file a more detailed Amended Complaint by 11/5/2013. Defendants to file response to Amended Complaint by 12/5/2013. To the extent that Defendants file a motion to dismiss or motion for summary judgment, an order will be issued giving Plaintiff a reasonable period of time to file a response in opposition. The parties agreed that any

-4-

communication by Defendants relative to the current mortgage will be in writing. Defense counsel will provide Mr. Welch with the current balance on his mortgage and the amount of each monthly payment by 10/19/2013. Copy of this hearing memo mailed to Plaintiff at address of record on 10/9/2013. (dgg) (Entered: 10/09/2013)

Doc. no. 10. (Emphasis added).

On November 5, 2013, Plaintiff filed the following Amended Complaint:

> Bank of America and its legal representative seem to be having aproblem with this action, by not understandstanding (Plaintiff suspects on purpose) the nature of this action.
> Plaintiff, now starts from the bottom of past action and actions by the Bank of America. Bank of America was called by Plaintiff when Plaintiff was notified of increase of Eighty one Dollars (81.00) in monthly payments. .
> Plaintii made contact with Bank of America to ask why this increase ? The explation was "Escrow was increased"
> This response led to Majesterel Court I (Ignored by B ofA) Appealed to Pennsylvania Court of Record (Ignored by B of A)
> Thus, to Federal and accepted Plaintiff is charging B of A with
> Predatory Lending
> Conspiracy
> Fraud
> Harassment

Doc. no. 12.

Thereafter, again, Defendants filed the pending Motion to Dismiss for Failure to State a Claim, on December 5, 2013 (Doc. no. 14). Defendants first argue that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint and Amended Complaint fail to state a claim upon which relief may be granted.

Secondly, Defendants argue that the Complaint and Amended Complaint should be dismissed because Plaintiff's claims are barred by the doctrine of *res judicata*.

Plaintiff's Response of January 6, 2014, at doc. no. 16, states as follows:

> Having received this Court's communication was another brief in support of the Defendants (B of A) motion to dismiss this action.
> The case is plain: Bank of America's attempt to perpetuate one of its nationally known "predatory loans" and that (The heart and purpose of this appeal) has not been addressed by this Federal District Court.
> Plaintiff has asked this Court to make the needed decision on the subject of the basic case "Bank of America's" Predatory lending practice, in this matter.
> No escro money is in question B of A was notified that Plaintiff would pay all escrow and taxes to the leaving party (As is legal in this Commonwealth).
> Plaintiff, continues to see from this United States District Court a decision, a dismissel or rejection (, or what-ever ( A trial by jury, would be just!
> Any of these Plaintiff can be notified by return mail.

Doc. no. 16.

## II. Standard of Review

### A. 12(b)(6)

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no

more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler*, 578 F.3d at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

### B. 12(b)(6) As Applied to Issue Preclusion

With respect to when a Court may consider the preclusive effect of a state court judgment, although issue preclusion is an affirmative defense, it may be raised in a motion to dismiss under Federal Civil Procedure Rule 12(b)(6). *M & M Stone Co. v. Pennsylvania*, 388 Fed. Appx. 156, 160-161 (3d Cir. 2010), citing *Connelly Found. v. Sch. Dist. of Haverford Twp.*, 461 F.2d 495, 496 (3d Cir.1972).

In *M & M Stone Co. v. Pennsylvania*, the United States Court of Appeals for the Third Circuit has stated that:

> "in reviewing a Rule 12(b)(6) motion, it is well-established that a court should 'consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n. 3 (3d Cir.2004). In the context of deciding a Rule 12(b)(6) motion that raises issue preclusion concerns, and where a plaintiff has not included the existence or substance of the prior adjudications in the body of, or attachments to, its complaint, it is axiomatic that a court *must still consider the prior adjudication in order to determine whether issue preclusion bars that plaintiff's claims.* Thus, we have held that a prior judicial opinion constitutes a public record of which a court may take judicial notice. We have also held, however, that a court may do so on a motion to dismiss only to establish the existence of the opinion, and not for the truth of the facts asserted in the opinion. *Id.* " '[A] court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment.' " *Id*. (citation omitted).

*Id*. at 160-161 (emphasis added).

### III. Discussion

#### A. **Failure to State a Claim**

As to Defendants' first argument, the Court agrees with Defendants that the original Complaint was "a rambling, unintelligible and mostly incomprehensible narrative of events" (doc. no. 15) and the Amended Complaint "simply restates the vague allegations" in the original Complaint (id.). Accepting as true all of the Complaint's and Amended Complaint's factual

allegations, they fail give Defendants fair notice of what the claims are and the grounds upon which they rest.

First, with respect to Plaintiff's claim for predatory lending against BANA, and "aider and abettor," to predatory lending against Green Tree, there is no common law claim for predatory lending in Pennsylvania, and any claim alleging predatory lending without citation to a statutory basis for the claim should be dismissed. Plaintiff's "illegal actions" against both Defendants, for predatory lending and for "aider and abettor" to predatory lending, will be dismissed.

Second, with respect to Plaintiff's claim of civil "conspiracy," allegedly committed by BANA and Green Tree, he has failed to allege any facts to support any of the required elements of civil conspiracy ("plaintiff must plead and prove that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise law act by unlawful means. Proof of mail, i.e. intent to injure, is an essential part of a conspiracy cause of action and this unlawful intent must also be without justification. In addition, an overt act must be performed in furtherance of the conspiracy and actual legal damages must result.") *Corrigan v. Methodist Hospital*, 853 F. Supp. 832, 836-37 (E.D. Pa. 1994) (internal citations omitted).

Third, with respect to Plaintiff's claim of "fraud" by BANA and "attempted fraud" by Green Tree, Plaintiff's claims fail in this regard as well. Plaintiff is required to state with particularity the circumstances constituting fraud, with items such as time, place and/or substance of Defendant's alleged fraudulent behavior. Fed. R. Civ. P. 9(b). *In re Johnson*, 292 B.R. 821, 827 (E.D. Pa. 2003).

Fourth, with respect to Plaintiff's claim for "harassment" against both Defendants, there is no such viable cause of action under the law of this Commonwealth. *Waye v. First Citizen's*

*Nat. Bank*, 846 F.Supp. 310, 315 (M.D. Pa.) (dismissing claim for "harassment") aff'd sub. nom., 31 F.3d 1175 (3d Cir. 1994).

Judging the facts in the light most favorable to Plaintiff, and after having been afforded the opportunity to amend his complaint to provide the requisite detail in order to state a cause of action, Plaintiff has failed to present any factual basis for any of these "illegal actions," and none represent or support any valid cause of action against either or both of the Defendants.

### B. Doctrine of *Res Judicata*

Additionally, as Defendants posit, and this Court agrees, Plaintiff's claims are barred by the doctrine of *res judicata*.

In *Migra v. Warren City Sch. District Bd. of Education*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the United States Supreme Court addressed the doctrine of res judicata and explained the two preclusion principals, issue preclusion and claim preclusion, the former of which is applicable here.

While "[i]ssue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided, . . . [c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Id.* Simply put, "[i]ssue preclusion bars a second or successive litigation of an issue of fact or law that was actually litigated and resolved in an earlier litigation, even if the issue recurs in the context of a different claim." *Kligman v. I.R.S.,* 2010 WL 1659643, at * 3 (E.D. Pa. 2010)(citing *Taylor v. Sturgell*, 553 U.S. 880, 121 S.Ct. 2161, 2171 (2008)).

The United States Supreme Court, in *Montana v. United States*, 440 U.S. 147, 153-54, 99 S.Ct. 970 (1979), expounded that the purpose of precluding "parties from contesting matters that

they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."

The federal courts have consistently accorded preclusive effect to issues first decided by state courts, and, thus "res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Allen v. McCurry*, 449 U.S. 90, 95–96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); see also 28 U.S.C. § 1738 (providing that the rulings of state courts "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state . . . from which they are taken").

In determining the preclusive effect of a state court judgment, the Court applies the rendering state's law of issue preclusion. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 381, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Thus, whether Plaintiff's suit is precluded turns on the law of Pennsylvania.

Under Pennsylvania law, the following conditions must exist before issue preclusion may be invoked:

> (1) the issue decided in the prior adjudication was identical with the one presented in the later action;
>
> (2) there was a final judgment on the merits;
>
> (3) the party against whom the plea (estoppel) is asserted was a party or in privity with a party to the prior adjudication; and
>
> (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Shuder v. McDonald's Corp.*, 859 F.2d 266, 273 (3d Cir. 1988).[2]

Applying the four (4) conditions of issue preclusion to the current case, after reviewing the factual allegations of the Complaint and Amended Complaint, and matters of public record over which this Court may take proper judicial notice, the Court finds that issue preclusion is applicable and bars the current claims in this Court.

Plaintiff commenced an action against BANA, in February, 2013, in Pennsylvania State Magisterial District Court for the *same* claims in essence as in this federal case. See Plaintiff's State Court Complaint at Exhibit 1 of doc. no. 15. Critically, On March 28, 2013, Plaintiff was awarded a default judgment against BANA in the amount of $1,064. 00. See Exhibit 2 of doc. no. 15. On the record, at the October 9, 2013 Status Conference in this federal case, Plaintiff admitted that he received the judgment satisfaction check from BANA, sometime in October of 2013. See transcript of October 9, 2013 Status Conference at doc. no. 11, pgs 4-5. At the Status Conference, and in his Original Complaint (doc. no. 1 at p. 3), he argued/alleged (incorrectly) that he could appeal his successful state court award to this Court. *Id*. at pgs. 5-6. Thus, this Court finds that the state court action is identical in substance to this federal court action, meets all four (4) conditions of issue preclusion, and thus this action is barred by the doctrine of *res judicata*.

## IV.   Conclusion

For the reasons set forth hereinabove, Plaintiff's Complaint and Amended Complaint fail to set for any valid cause of action against Defendants. Furthermore, his claims were previously

---

[2] The United States Court of Appeals for the Third Circuit has addressed the requirements for issue preclusion under Pennsylvania law to require three (3) conditions, which are nearly identical to the four (4) conditions listed above:  (1) the issues sought to be precluded are the same as those involved in the prior action; (2) the issues were actually litigated and determined by a final and valid judgment; and (3) the determination was essential to the prior judgment. *Peloro v. U.S.*, 488 F.3d 164, 174-75 (3d Cir. 2007).

litigated in state court, and he won a default judgment which he previously collected against BANA in the amount of $1,064, and thus, this cause of action is barred as *res judicata*. Therefore, Defendants' Motion to Dismiss (doc. no. 14) will be GRANTED; and, Plaintiff's Complaint and Amended Complaint will be DISMISSED with prejudice. An appropriate Order follows.

SO ORDERED, this 11th day of February, 2014

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge


cc: All ecf-registered counsel of record

**GEORGE E. WELCH**
1205 Robinia Drive
Pittsburgh, PA 15221-1364
PRO SE